IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANTHONY S. WHITE,
      Petitioner,

-vs-                       Case No. A-11-CA-649-SS

22ND JUDICIAL DISTRICT,
      Respondent.
_____

# REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

  The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

  Before the Court is Petitioner's application for habeas corpus relief. The Court presumes Petitioner is seeking leave to proceed in forma pauperis, and leave to proceed in forma pauperis is granted. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**Background**

According to Petitioner, he is incarcerated in the Hays County Jail. He is being held on criminal charges that were brought against him in Hays County in Cause No. CR-11-0438. Those charges are currently pending; he has not yet been convicted or sentenced.

He files the current petition for writ of habeas corpus by a person in state custody alleging the indictment is based on perjury, his prosecution violates due process and equal protection because the victim executed a non-prosecution affidavit, his court appointed attorney lies and told the victim to not file an affidavit on Petitioner's behalf, he has had no contact with his court appointed attorney, no full investigation has been conducted, Petitioner married the victim on July 21, 2011 and the victim will not testify, the bruises and scratches on the victim may have occurred during intercourse and not during an argument, and his prosecution violates double jeopardy. Petitioner asserts he has a right to a fair trial, and he is innocent until proven guilty.

Unrelated to his pending criminal charges Petitioner alleges he is not receiving the proper medical attention at the Hays County Jail and he is being forced to live in unsanitary conditions. In addition, he claims he was slandered by a newspaper, because his picture and charges were printed in the paper.

**Analysis**

1. <u>Habeas Claims</u>

Although Petitioner indicates his petition is filed pursuant to 28 U.S.C. § 2254, it is well-established a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.

1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). Accordingly, Petitioner's application for habeas corpus relief should be construed as an application brought pursuant to 28 U.S.C. § 2241, as this is the proper vehicle.

Under § 2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). The Supreme Court's discussion in *Braden* shows this distinction typically turns on the type of relief sought by a petitioner: "an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Thus, absent "special circumstances" pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224.

In the present case, Petitioner readily admits that his conviction is not yet final. The Court can find nothing in Petitioner's application for writ of habeas corpus that indicates "special circumstances" exist which would allow the Court to consider the merits of his claims before he has been tried.

Moreover, Petitioner is required to show he is "in custody" and has exhausted his available state remedies in order to be eligible for habeas relief. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816

F.2d at 224. In the present case, Petitioner represents he is in custody in the Hays County Jail. However, Petitioner must also show he has exhausted his state court remedies, which he has not done.[1] *See Braden*, 410 U.S. at 490.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Petitioner admits he is raising his claims for the first time in this Court. In short, based on the information in the record, the state courts have not had the opportunity to consider or resolve the issues Petitioner raises. The exhaustion requirement is obviated only if "special circumstances" exist, *see Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489), which the Court has already found is not the case in the present action. Therefore, absent a showing the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Petitioner's claims, comity requires this Court to defer.

In sum, Petitioner's application for federal habeas corpus relief must be dismissed because his claims are insufficient under *Braden* to justify federal habeas relief and because he has failed to exhaust state remedies. Pre-trial habeas relief is not available to consider his claims under the circumstances of this case, as federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Dickerson*, 816 F.2d at 229.

---

[1]Although § 2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interference with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden*, 410 U.S. at 490-91).

## 2. Non-Habeas Claims

Petitioner's slander claim and claims regarding his medical care and conditions of confinement are not properly brought in an application for habeas corpus relief. Ordinarily, the Court would recommend these claims be severed from the habeas claims and be filed in a new civil action. However, Petitioner has not named any defendants with regard to these claims, and his allegations are deficient. Accordingly, the Court recommends these claims be dismissed without prejudice to refiling in a new civil action.[2]

## RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Habeas Corpus be construed as an application brought pursuant to 28 U.S.C. § 2241 and be dismissed without prejudice. It is further recommended that Petitioner's non-habeas claims be dismissed without prejudice to refiling in a civil action.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

---

[2] To avoid any delay in filing a new complaint the Clerk of the Court is directed to forward forms for filing civil rights actions to Petitioner.

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of July, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE